IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WARREN GERBER, | : |
| | : |
| Petitioner | : |
| | : CIVIL NO. 1:12-CV-0716 |
| | : |
| v. | : Hon. John E. Jones III |
| | : |
| | : |
| PA STATE ATTORNEY | : |
| GENERAL, *et al.*, | : |
| | : |
| Respondents | : |

## **MEMORANDUM**

April 19, 2012

## **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

On April 17, 2012, the above action was initiated on behalf of Warren Gerber by his brother, Gary Gerber, upon the filing of a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2254. (Doc. 1.) Warren presently is a state inmate serving a sentence imposed by the Luzerne County Court of Common Pleas at the State Correctional Institution- Greene ("SCI Greene") in Waynesburg, Pennsylvania. Gary also is a state inmate serving a sentence imposed by the Luzerne County Court of Common Pleas at the State Correctional Institution Coal Township

("SCI Coal Township") in Coal Township, Pennsylvania.[1]

At the time of filing the Petition, Gary neither paid the required $5.00 filing fee nor requested *in forma pauperis* status on behalf of Warren.  Although we normally would issue an Administrative Order requiring a petitioner either to pay the filing fee or file the appropriate forms to obtain *in forma pauperis* status, because we find upon review of the Petition that Gary has not demonstrated that he has standing as Warren's "next friend" for purposes of filing the Petition, we shall grant *in forma pauperis* status for the sole purpose of filing the Petition, and the Petition will be dismissed.

An "[a]pplication for writ of habeas corpus shall be in writing signed and verified by the person for whom relief it is intended or by someone acting in his behalf."  28 U.S.C. § 2242.  A litigant seeking to prosecute a "next friend" habeas petition "must establish the requisite [Article III] standing to sue."  *See Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990); *accord In re Zettlemoyer,* 53 F.3d 24, 26-27 (3d Cir. 1995) (per curiam). "'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore*, 495 U.S. at 163.  These limitations on the "next friend" doctrine are driven

---

[1] *See Commonwealth of Pennsylvania v. Gary Lee Gerber Jr Aka Muffin*, Docket No. CP-40-CR-0000525-2007, available at Pennsylvania's Unified Judicial System Webportal, Common Pleas Courts Docket Sheets,  http://ujsportal.pacourts.us/DocketSheets/CP.aspx

by the recognition that "'[i]t was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends.'" *Whitmore*, 495 U.S. at 164 (quoting *United States ex rel. Bryant v. Houston*, 273 F. 915, 916 (CA2 1921); *see also Rosenberg v. United States*, 346 U.S. 273, 291-92 (1953) (citations omitted) (discountenancing practice of granting "next friend" standing to one who was a stranger to the detained persons and their case and whose intervention was unauthorized by the prisoners' counsel).

A petitioner seeking "next friend" standing must meet two prerequisites. First, the petitioner must "provide an adequate explanation- such as inaccessibility, mental incompetence, or other disability- why the real party in interest cannot appear on his own behalf to prosecute the action." *Whitmore*, 495 U.S. at 164 (citations omitted). Second, the petitioner seeking standing as "next friend" must demonstrate that he or she is "truly dedicated to the best interests of the person on whose behalf he [or she] seeks to litigate" and has some "significant relationship" with that person. *Id.* (citations omitted). The burden is on the petitioner seeking "next friend" standing to establish these prerequisites. *See id; see also Zettlemoyer*, 53 F.3d at 26-27.

In the instant case, the form Petition (Doc. 1 at 1-14), forty-eight (48) page memorandum of law (Doc. 1 at 15-62), and 350 pages of exhibits (Docs. 1-1 through 1-12), were received in an envelope marked with Gary's name and return address at

3

SCI Coal Township.  (*See* Doc. 1 at 64.)  The Petition was signed by Gary with a notation "(Brother)".  (*See* Doc. 1 at 14.)  Gary also provides the following explanation: "It was necessary for this petition to be prepared at SCI Coal and submitted by his brother Gary, as petitioner hadn't the ability, opportunity, nor resources to prepare it from where he is housed at Green[e]."  (*See id.*)

This explanation offered by Gary is insufficient to establish "next friend" standing.  Gary's explanation does not offer any specific reasons why Warren lacks the "ability, opportunity, [or] resources" to prepare and file the instant Petition, and therefore, he has failed to meet his burden to show that Warren cannot appear on his own behalf.  Moreover, while Gary's status as Warren's brother may indicate a "significant relationship," the Court cannot assume solely based upon that relationship that Gary truly is dedicated to Warren's best interests, particularly where it is apparent upon cursory review of the Petition and accompanying exhibits that their theft and criminal conspiracy convictions are related to the same course of conduct.  Further, Gary's status as Warren's brother in and of itself is not enough to circumvent binding judicial precedent to confer Article III standing upon Gary for purposes of pursuing the instant Petition.  It also does not evade the "well established principle that while a layman may represent himself with respect to his individual claims, he is not entitled to act as an attorney for others in federal court."  *Lutz v.*

*Lavelle*, 809 F. Supp. 323, 325 (M.D. Pa. 1991); *see* 28 U.S.C. § 1654 ("In all courts of the United states the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341 (W.D.N.Y. 2004) ("[P]laintiffs have no statutory nor constitutional right to be represented in federal court by a non-lawyer").

In preliminarily reviewing a habeas petition, "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Because Gary has not demonstrated that he is entitled to "Next Friend" standing, we must dismiss the instant Petition. Also, in light of the fact that Gary filed the Petition, memorandum of law, and exhibits, we shall direct the Clerk of Court to return those original documents and also provide a copy of this Memorandum and its accompanying Order to Gary at SCI Coal Township. An appropriate Order will enter on today's date.